IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | No. 3:21-CR-353 |
| v. | (Honorable Robert D. Mariani) |
| JOHN WATSON | (ELECTRONICALLY FILED) |
| Defendant | |

**SENTENCING MEMORANDUM OF DEFENDANT, JOHN WATSON**

## I.  INTRODUCTION

On November 9, 2021, the Government, via Indictment, charged John Watson with 5 Counts of 18 U.S.C. § 2251(a), Sexual Exploitation of Children.

Watson is scheduled for sentencing on February 13, 2025.

The maximum statutory penalty is 30 years on each count for a total of 150 years in prison. Watson's sentencing guidelines reflect a criminal history of VI, an offense severity of 43, and a guideline sentencing range of life in prison.

## II.  STANDARD TO BE UTILIZED AT SENTENCING

On January 12, 2005, the Supreme Court ruled that the Guidelines were not mandatory and that, irrespective of the Guidelines, a federal sentence must be reasonable. United States v. Booker, 125 S. Ct. 738, 765-69 (2005). In determining a particular sentence to be imposed, the Court must consider: 1) nature and circumstances of the offense; 2) the history and characteristics of the

1

defendant; 3) the need for the sentence imposed to reflect the seriousness of the offense; 4) the need for the sentence imposed to promote the respect for the rule of law; 5) the need for the sentence to provide just punishment for the offense; 6) the need to afford adequate deterrence to criminal conduct; 7) the need to protect the public and further crimes of the defendant; 8) the need to provide the defendant with educational, vocational training, medical care or other correctional treatment; 9) the types of sentences available; 10) the need to avoid unwarranted sentencing, disparities among defendants with similar records who have been found guilty with similar conduct; and 11) the need to provide restitution to victims of the offense; 12) the applicable Guidelines and policy statements.  18 U.S.C. 3553(a).  A sentence will be upheld as reasonable if the record as a whole reflects rationale meaningful consideration by the Court of the above 3553(a) factors.  United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006).

    The United States Court of Appeals for the Third Circuit has articulated a three (3) step sentencing process for district courts to follow in imposing a sentence.  *See* United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) *citing* United States v. King, 454 F.3d 187 (3d Cir. 2006).  Step One requires courts to continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.  Step Two mandates that in so doing Step One, the court must "formally rule in the motions of both parties and state on the record whether they

are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force." Finally, Step Three requires courts to "exercise their discretion by considering the relevant Section 3553 factors" in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. *Id*.

### III. ARGUMENT

Watson continues to insert his innocence to all of the charges and plans to pursue the appeal to the United States Court of Appeals for the Third Circuit that he previously filed pro se in this case. The appeal has been accepted by the Court of Appeals which indicated that it will be placed on the docket for consideration after his sentence.

Watson does not have any objections to the guideline calculations in the Presentence Report.

At the sentencing hearing, Watson, through his counsel, will request that the Court impose a sentence sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. 3553.

        Respectfully submitted,

        /s/ Joseph A. O'Brien
        Joseph A. O'Brien, Esq.
        Attorney I.D. No.: 22103
        Oliver, Price & Rhodes, LLP
        1212 South Abington Road
        Clarks Summit, PA   18411
        Tel: (570) 585-1200
        Fax: (570) 585-5100
        jaob@oprlaw.com

# CERTIFICATE OF SERVICE

I, **JOSEPH A. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, LLP, hereby certify that on this date, I caused the foregoing SENTENCING MEMORANDUM via the Court's ECF system on all counsel of record as authorized under Federal Rule 5(b)(2)(E) and local rule 5.6 of the United States District Court for the Middle District of Pennsylvania. I further certify that all counsel of record in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Joseph A. O'Brien
Joseph A. O'Brien, Esq.